# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## INFORMAL BRIEF

No. 23-6823, <u>Sunday Usoh v. United States Citizenship and Immigration Services</u>
2:22-cv-01470-SAL

### 1. Declaration of Inmate Filing

An inmate's notice of appeal is timely if it was deposited in the institution's internal mail system, with postage prepaid, on or before the last day for filing. Timely filing may be shown by:

- a postmark or date stamp showing that the notice of appeal was timely deposited in the institution's internal mail system, with postage prepaid, or
- a declaration of the inmate, under penalty of perjury, of the date on which the notice of appeal was deposited in the institution's internal mail system with postage prepaid. To include a declaration of inmate filing as part of your informal brief, complete and sign the declaration below:

---

**Declaration of Inmate Filing**

Date NOTICE OF APPEAL deposited in institution's mail system: **09-07-2023**

I am an inmate confined in an institution and deposited my notice of appeal in the institution's internal mail system. First-class postage was prepaid either by me or by the institution on my behalf.

I declare under penalty of perjury that the foregoing is true and correct (see 28 U.S.C. § 1746; 18 U.S.C. § 1621).

Signature: _Sunday A. Usoh_    Date: **09-07-2023**

[Note to inmate filers: If your institution has a system designed for legal mail, you must use that system in order to receive the timing benefit of Fed. R. App. P. 4(c)(1) or Fed. R. App. P. 25(a)(2)(A)(iii).]

---

### 2. Jurisdiction

Name of court or agency from which review is sought: **U.S. District Court South Carolina**

Date(s) of order or orders for which review is sought: **07-20-2023**

### 3. Issues for Review

Use the following spaces to set forth the facts and argument in support of the issues you wish the Court of Appeals to consider. The parties may cite case law, but citations are not required.
**Issue 1.**

**Supporting Facts and Argument.**

See attached addendum Item 3 Issue 1

Issue 2.

**Supporting Facts and Argument.**

See attached addendum Item 3 Issue 2

Issue 3.

**Supporting Facts and Argument.**

See attached addendum Item 3 Issue 3

Issue 4.

**Supporting Facts and Argument**

See attached addendum Item 3 Issue 4

## 4. Relief Requested
Identify the precise action you want the Court of Appeals to take:

See attached addendum Item 4 Relief Requested.

## 5. Prior appeals (for appellants only)
A. Have you filed other cases in this court? Yes [ ] No [X]

B. If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?

_Sunday Q. Usoh_
Signature

[Notarization Not Required]

_Sunday Quincy Usoh_
[Please Print Your Name Here]

### CERTIFICATE OF SERVICE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I certify that on 09-07-23 I served a copy of this Informal Brief on all parties, addressed as shown below: U.S. Department of Justice Civil Division, OIL P.O. Box 878, Ben Franklin Station Washington, D.C. 20044

_Sunday Q. Usoh_
Signature

**NO STAPLES, TAPE OR BINDING PLEASE**

Sunday Quincy Usoh
A#: 089463140
Appeal No.: 23-6823
Case No.: 2:22-cv-01470-SAL

Addendum to Item 3 Issue for review. ISSUE (1) Supporting facts and argument.

For several reasons, the Judge erred in concluding that Petitioner Mr. Usoh was not entitled to relief under 8 u.s.c § 1447(b) for there is no effective relief that the court can grant to 8 u.s.c. § 1447(b). Petitioner not being naturalized was in fact the agency's (USCIS) failure to resolve Petitioner's application within the statutory 120-day period and failure to timely conduct the public oath. Petitioner's satisfactory completion of all the requirements for naturalization create a liberty interest in citizenship that cannot be undermined by something that was the result of the agency's own delay in administering the oath. The district Judge entire analysis based on 8 u.s.c. § 1447(b) is undermined by the fact that the Judge failed to account for Mr. Usoh (Petitioner) lawsuit for the Defendants failure to meet up with the mandatory required 120-days that is also clearly stated, when USCIS wait over 600 days after an examination to issue it decision on an application, the statue is violated. See Issa v. Mueller, 486 F. Supp. 2D 668, 673 n.s. (ED. Mich. 2007). Additionally, the first, of note the Judge should have noted when Petitioner states that it was over a year three months and three weeks since Petitioner filed his application and had interview, a year three weeks after the interview, the relevant date under 8 u.s.c. § 1447(b) is the date of the examination, which is considered the date of Usoh's interview. See Yan Wu, 142 F. Supp. 3D at 596. Because Petitioner initial interview took place in October 22, 2014, of which it has been 381 days since Petitioner examination, the time period that court will use to evaluate whether there (2022 U.S. Dist. LEXIS 11) has been extremely delayed before the agency's denied Mr. Usoh's application for naturalization in July 10, 2017 which is approximately 900 days, the statue is more violated by the Defendants.

*Sunday Q. Usoh*

1

Sunday Quincy Usoh
A#: 089463140
Appeal No.: 23-6823
Case No.: 2:22-cv-01470-SAL

Addendum to Item 3 Issue for review. ISSUE (2) Supporting facts and argument.

The District Judge also erred in determining that Petitioner claim under section 1421(c) is barred due to, if a person whose application for naturalization is denied may seek review of such denial before the United States District Court for the district in which such person resides, but only "after a hearing before an immigration officer under § 1447(a) of this Tittle." 8 u.s.c. § 1421(c). According to regulations, the request for a hearing under § 1447(a) must be filed with USCIS "within thirty (30) days after the applicant receives the notice of denial," and "[u]pon receipt of a timely request for a hearing, USCIS will schedule a review hearing within a reasonable period of time not to exceed 180 days from the date upon which the appeal is filed." Also, the District Judge clearly erred in concluding that while the Fourth Circuit has not directly considered this issue, court in this circuit have found that "because Congress has mandated that a naturalization applicants must exhaust his administrative remedies before seeking judicial review, its not appropriate for a court to 'read futility or other exceptions' into § 1421(c)." Congress intended that, after an applicant files a 8 u.s.c. § 1447(b) petition, USCIS would lack the authority to decide an application. Etape v. Cherloff, 497 F. 3d 379, 384 (4th Cir. 2007) ("The plain language of the statue clearly support the applicant's position that proper filing a 8 u.s.c. § 1447(b) provide a Federal Court with exclusive jurisdiction over a naturalization application."); Mr. Usoh otherwise consistent argument that the claim as failure by the agency's (USCIS) to grant or deny an application for naturalization with 120 days of an interview allowed an applicant to apply to the court for relief. Petitioner filed his petition over two years after his 2014 interview with USCIS, and because USCIS did not made a decision on the application with the 120 or 600 days for not administering the oath ceremony, the court had jurisdiction. Additionally, the District Judge determination played an out sized role in dismissing Petitioner's claim while the Defendants (USCIS) refused to express a view on the merits of Mr. Usoh's application, even after being ordered to do so, without a second interview of Petitioner; however, the 120 day period in which USCIS (agency's) could have compelled a second interview expired long before they denied his application by law of the Congress, and the agency's was unwilling to give Petitioner the legally requirement notice of the basis for the proposed second interview within those period and even longer after the expired period and later denied his application due to conviction that later occurred after three (3) years plus violated the administrative requirement the more.

The point here is, what is their reasons for the extreme delay within those period that is required by law. The law required that U.S. Citizenship and Immigration Services decide to grant or deny an application for naturalization within 120 days of the initial interview. 8 C.F.R. § 335.3(a), the 120-days period which is also applied to the agency's to determine for a review hearing for second interview. Also, the agency's (Defendants) arguing that the Petitioner was required to follow the due process by filing Form-336 that will require him for second interview. That request was not also timely because USCIS denied his application after three (3) years plus and to file for Form-336 must also be conducted within same period of 120 days of the first interview. See 8 C.F.R § 335.3(a). And the letter of denial that has this instructions came in July 10, 2015 almost three (3) years plus. Also, Petitioner arguments was that, the agency's never acknowledged the letter from Petitioner, the notes taken by the USCIS

2

officials/customer services and the visit he made to USCIS office in Irving, Texas through the application of info-pass. In drawing this conclusion, the court ignored those evidence of conditions on the ground just because the Defendants said it was not enough evidence for administrative remedies but, in other hand, the agency's failed to respond or acknowledged those notes and letter when Petitioner initiated them.

*Sunday A. Ucoh*

Sunday Quincy Usoh
A#: 089463140
Appeal No.: 23-6823
Case No.: 2:22-cv-01470-SAL

Addendum to Item 3 Issue for review. ISSUE (3) Supporting facts and argument.

Further, the Judge erred in concluding that the court does not have any jurisdiction to consider an APA claim based on USCIS's failure to administer the oath of allegiance prior to Petitioner's disqualifying crime and likewise, the Judge erred that the court lack jurisdiction to consider an Administrative Procedure Act claim based on the denial of Mr. Usoh's naturalization application or delay in adjudicating that application and for lack of subject matter jurisdiction where a remedy exist under § 1421(c) or 8 u.s.c. § 1447(b). USCIS unreasonable delay to conduct the public oath ceremony, pursuant to 8 u.s.c. § 1448(a) and 8 C.F.R. § 337.1(a), deprived the Petitioner of due process which denied him of the right to naturalize under the Immigration and Nationality Act (INA), Furthermore, USCIS unreasonable delay is a true violations of the Administrative Procedure Act (APA). Absent the USCIS delay, Petitioner Mr. Usoh would have taken the oath and became a naturalized citizen well before his conviction and would now remain a naturalized citizen. Under the APA, agency's (USCIS) was required to timely finalize the naturalization application process. Where USCIS was required to adjudicate naturalization application, it is required by the APA to do so within a reasonable time regardless of whether the Immigration and Nationality Act specifies a time frame for action. Hyatt v. U.S. PTO, 110 F. Supp. 3d 644, 652-53 (D.E. Va. 2015). Citing Hamadi v. Cherloff, 550 F. Supp. 2D 46, 50 (D.D.C. 2008) (Holding); and USCIS violation of Petitioner's due process right permits a court to grant citizenship to an applicant.

Nevertheless, because the clear intent of Congress was to accelerate naturalization application, and the statutory and regulatory language gives a definite time frame for decision once an examination has occurred, the statute is violated in such as Petitioner's situation. The agency's (USCIS) failed to follow its own protocol, rules and regulations in the instant case does not provide support for the Defendants statutory interpretation. The Supreme Court has held that USCIS' compliance with its own regulations is an essential safeguard of an aliens right to due process, such that the agency's action in violations of such regulations must be invalidated. See United States v. Nixon. 418 US. 683 (1974). The Accardi Doctrine provide that when agency fails to follow its own procedure and regulations, that agency actions are invalid. Hunt v. Carver, 2020 Lexis 253606, *41 (S.D.W.V. 2020) citing Accardi v. Shaughnessy. 347 US. 260 (1954). Mr. Usoh is or should be deemed a US. Citizen. The only reason Petitioner was denied citizenship is the agency's (USCIS) failure to adhere to its own regulations and internal operations. Specifically, the Defendants failed to notify and provide Mr. Usoh when and where to appear for the public oath ceremony; then relied upon constitutionally infirm conviction adjudicated several years after passing the FBI background check and USCIS interview, to deny him citizenship. Petitioner's due process right was also violated where the agency's (Defendants) received and failed to respond to Petitioner's letter, notes taken during his calls in March 21, 2015 and also the notes taken by the female immigration officer during his visit to their office in Irving, Texas making inquiries why his oath ceremony is still not schedule. Even with the prove of those evidence, the Defendants fails to talk about it because, they knew they failed to respond to it and it will be use against the Defendants in advance of violations of not following up with their regulations and due process.

*Sunday Q. Usoh*

4

Sunday Quincy Usoh
A#: 089463140
Appeal No.: 23-6823
Case No.: 2:22-cv-01470-SAL

Addendum to Item 3 Issue for review. ISSUE (4) Supporting facts and argument.

The District Judge erred in making her credibility findings that recommends the court lacks subject matter jurisdiction to consider Mr. Usoh's claims pursuant to 8 u.s.c. § 1421(c), 1447(b); the APA; and the FTCA and also further recommends that the court decline to extends Bivens claim to Petitioner's of due process violations. Mr. Usoh argued that the court declining both Bivens and dismissing his due process claim is not appropriate. The Petitioner also argued that the court erred in finding that, other than unreasonably, and extreme delay and the denial of his application for naturalization, the agency's (USCIS) did not provide adequate and necessary due process procedures to the Petitioner. If only the Defendants (agency's) would follow the rules according to their processing regulations time line required by law. Because the Defendants (agency's) did not acknowledged both the letter sent to them in March 21, 2015, the notes taken by the USCIS officials (customer services) and also the numerous calls, the agency's (Defendants) failure to ensure compliance with naturalization proceeding with the mandatory time frame has cause damages remedy under the constitution itself. Petitioner application denial determination was untimely made by the required mandatory 120-days, was made in violation of Mr. Usoh's statutory and constitutional rights, as he was never given the due process clause.

Also, for the reason that the agency's (USCIS) persistently delayed adjudication of his application and later unreasonably and on purposely denied Mr. Usoh's application after almost three (3) years plus due to his conviction. Because the agency's delayed adjudication of an immigrant's application for naturalization, Petitioner request the court and the court is required to adjudicate the claim pursuant to 8 u.s.c. § 1447(b) and naturalize the immigrant to become a U.S. Citizen if the court found that he met all the requirements prior to applying for naturalization, examination, final test and interview, through the mandatory 120-days and 600 days before his conviction. In the case, the Defendants has no excuses and reasons for their delay in those period of time. Because Petitioner has made all attempt to the agency's in order to make administrative grievance procedure available for him and the agency's (USCIS) fails to follow their own rules and regulations, its their own forth. Further, a finding that the prove of document(s) and evidence to prove Mr. Usoh's administrative remedies that the Defendants said it was not enough that was submitted by the Petitioner, support adverse credibility finding in light of Mr. Usoh's otherwise consistent testimony and forthcoming demeanor.

*Sunday Q. Usoh.*

Sunday Quincy Usoh
A#: 089463140
Appeal No.: 23-6823
Case No.: 2:22-cv-01470-SAL

Addendum to Item 4 Relief Requested.

To this end, Mr. Usoh request the Court of Appeals to take the actions in properly looking into his case and considering him by granting him citizenship hence the District Court has no jurisdiction to grant the Petitioner citizenship due to the lengthy and extreme delay by the agency's before deciding to denied his application for naturalization. Mr. Usoh sees the court did not look into this matter properly based on how the agency's unreasonably delayed his naturalization process by violations of regulations, administrative procedures and due process clause. Petitioner providing those evidence to be review by the court was a credibility finding for Mr. Usoh's claims. The agency's has no explanation to the course of extreme delay so, Petitioner is asking the Court of Appeals to impose a request on USCIS in adjudicating his naturalization application due to the lengthy and extreme delay on his application. See. e.g., AL-Mohammed v. United States Citizenship & Immigration Serv., 2007 U.S. Dist. LEXIS 49174, 2007 WL 2004866, at *4 (E.D. Mich. July 9, 2007) (imposing 120-day deadline after four years had passed since applicant's interview); Shendaj v. Dedvukaj, 543 F. Supp. 2D 724, 728 (E.D. Mich. 2008) (imposing deadline after 45 months passed since interview); See also Patel v. Hansen, 2008 U.S. Dist, LEXIS 2592, 2008 WL 148947, at *2 (S.D. Ohio Jan. 14, 2008) (not imposing deadline after 2 years has passed, but noting that if another 120 days passed, the court would find it appropriate to "determine the matter"); but see Yan Wu, 142 F. Supp. 3D at 597 (imposing a 120-day deadline after nine (9) months had passed since the applicant's interview, because Defendants had not provided a clear explanation for their delay). Here, Mr. Usoh (Petitioner) request the Court of Appeals should determines that the proper course of action is the extreme delay by the agency's (Defendants) adjudicating Petitioner's application for naturalization, taken the oath of allegiance and later after unreasonably delay and then on purposely denied his application in July 10, 2017 just 10 days after his conviction.

Moreover, Mr. Usoh request relief for the fact with his prove and support of evidence that proves he did made several attempts with administrative remedies but the agency's failure to respond violated the regulations and later the agency's claim its not enough. Petitioner advice and refer the Court of Appeals to see the attached letter to the Amended petition dated March 21, 2015, in which Mr. Usoh sought clarification of his citizenship status from the agency's is sufficient enough for exhaustion purposes. So, Mr. Usoh is requesting a claim under 8 u.s.c. § 1421(c) and 8 u.s.c. § 1447(b) based on evidence offered by Petitioner and the Defendants violated their own regulations and that of Mr. Usoh's due process right to naturalized. Petitioner is requesting relief from the Court of Appeals based on the reasons, the district court magistrate Judge erred in concluding that the court has no jurisdiction over granting a relief due to the Defendants extreme delay and not providing proves and reason for the lengthy delay. The Defendants saying the Petitioner's claims are time barred, barred for failure to exhaust administrative remedies, or both. And even if not barred procedurally, his claims are meritless due to the fact that Petitioner point to no legal authority that imposes a deadline for the administration of oath of allegiance. The Defendants claiming that Mr. Usoh did not point to no legal authority that imposes a deadline for the administration of oath of allegiance was a false statement. Petitioner has been pointing to the legal authority since the beginning of his petition through to the objections and still at the Addendum to Item 3 Issue for review. ISSUE (1) that, ("Petitioner not being naturalized was in

fact the agency's (USCIS) failure to resolve Petitioner's application within the statutory 120-day period and failure to timely conduct the public oath. Petitioner's satisfactory completion of all the requirements for naturalization create a liberty interest in citizenship that cannot be undermined by something that was the result of the agency's own delay in administering the oath."). Petitioner Mr. Usoh, is acting pro-se and a court has a duty to liberally construe a pro-se defendant's or petitioner's filings and to afford greater leeway in alleging a claim for relief that what is given to licensed attorneys. See Haines v. Kerner, 404 U.S. 519 (1972). Petitioner's motion and reply is entitled to liberal construction by the court because he is a Federal Prisoner who is proceeding pro-se and not represented by counsel. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Also, the mandated liberal construction rule holds, "that if a court can reasonably read the pleading to state a valid claim on which [Petitioner] could prevail, it should do so despite a Petitioner's failure to cite proper legal authority, his confusion of various legal theories, or his familiarity with pleading requirements." Barnett v. Hargett, 174 F. 3d 1128, 1133 (10th Cir. 1999). The name of the pleading makes no difference; it is the substance [of a prisoner's pro-se pleadings] that controls. Melton v. United States, 359 F. 3d 855, 857 (7th Cir. 2004).

Additionally, here Mr. Usoh's claims are not time-barred for failure to exhaust administrative remedies, or both. Petitioner prove and support of evidence is enough for administrative remedies both the calling and the notes taken by the agency's officials (customer services). Also, his claim are not barred procedurally because, Mr. Usoh claims has a merits for the fact that he did point to legal authority that imposes a deadline for the administration of oath of allegiance. It was made clear to the agency's that Mr. Usoh's claims was made known to them that his application was unreasonably delayed by R. Rodriguez (the officer who did the interview) and also challenged the unreasonable denial of his naturalization by the agency's failure to grant him naturalization and administering the oath of allegiance as they exceeded both deadline and the 120-days mandatory deadline required by Congress. Petitioner Mr. Usoh, requesting the Court of Appeals to reject the agency's (defendant's) reliance on failure to exhaust administrative remedies as insufficient to show substantial justification because USCIS could have complied with the 120-day requirements. Also, do not focus on the late actions of the agency's took after the 120-day period expired, do not ignore the uncontroverted fact that the agency's (USCIS) violated its own regulations for not adjudicating the application and administering the oath ceremony within 120-day period.

Further, Mr. Usoh request that the Court of Appeals should also consider Petitioner's effort of establishing an attempts to resolve the inaction on his application through correspondence with USCIS (agency's) but those approach proved unsuccessful due to the agency's ignoring Petitioner and failure to respond. Because the agency's has offered no evidence to the contrary, Court of Appeals should assume Defendant's request in denying Mr. Usoh's application on July 10, 2017 just ten (10) days after his conviction was on purposely made by the agency's which is not consistent with USCIS policy.

Additionally, Mr. Usoh request this court to reject the agency's (Defendant's) reliance on the criminal conviction which conspired after three years prior to Petitioner's naturalization application to denied his application as insufficient excuses to show substantial justification because USCIS could have complied with the 120-day requirement by regulations. Congressional mandated the agency's duty to conduct and adjudicate applicants application for naturalization within the mandatory 120-day period and also applies before the requirements of second interview expired. From the look of the process before the Defendant's unreasonably denied Mr. Usoh's application, USCIS was not actively processing his application as there is certainly no evidence to show by the Defendant's that it was active before denying his application. Mr. Usoh therefore states the USCIS decision to deny the application for

7

naturalization was in error and ask this court to consider him Mr. Usoh as a naturalized citizen, or in the alternative grant him citizenship. Mr. Usoh was fully eligible to be naturalized in 2014 within 120 days of the application and had a very clear background.

*Sunday Q. Usoh.*

RECEIVED

2023 SEP 11 PM 3:06

U.S. COURT OF APPEALS
FOURTH CIRCUIT

Sunday Aniney Uson
A#: 089463140
FIPC
3026 HWY 252 East
P.O. Box 248
Folkston, Ga 31537

Cle
U.S.
1100
Rich

Legal Mail.

quadient
FIRST-CLASS MAIL
IMI
$001.83
09/07/2023 ZIP 31537
043M31220990

[...] of Court
[...]ourt of Appeals Fourth Circuit
[...]ast Main Street, 5th Floor
[...]ond, Va 23219

RECEIVED
U.S. MARSHALS